UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD MERRITT and
MARY JO MERRITT,

        Plaintiffs,

vs.                                       Case No. 8:08-cv-98-T-27EAJ

LAKE JOVITA HOMEOWNER'S
ASSOCIATION, INC., et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants Lyons Heritage Pasco, LLC, Lyons Land Pasco, LLC, Bobby Lyons, and Morris Needles' (the "Lyons Defendants") Motion to Assess Appellate Fees (Dkt. 83). As set forth below, the motion is GRANTED in part.

On October 27, 2009, the U.S. Court of Appeals for the Eleventh Circuit issued its opinion affirming this Court's order dismissing Plaintiffs' Complaint. The Eleventh Circuit determined that Plaintiffs' appeal was frivolous and pursuant to Fed. R. App. P. 38, awarded appellees double costs and reasonable attorney's fees, remanding for an assessment of appellees' reasonable attorney's fees. The mandate issued on December 8, 2009. (Dkt. 80).

After the Lyons' Defendants requested the Court to assess their appellate fees, Plaintiffs' filed their Motion to Stay Determination of Attorney's Fees & Answer to Motion by Defendants for Attorney's Fees with Request for Hearing (Dkts. 84, 85). Plaintiffs requested that the Court defer decision of the pending motions for attorneys' fees until a January 27, 2010 mediation in a related case, No. 8:09-cv-1201-JDW-TGW (the "related case"); asserted generally that the time spent on

1

the appeal was excessive and redundant; contended that several unspecified entries in the time records supporting the Lyons Defendants' Motion to Assess Appellate Fees included attorney time unrelated to the appeal; and challenged the Lyons Defendants' request for fees based on 6.9 hours at the hourly rate of $579 for Lewis J. Conwell.

Although denying Plaintiffs' request for a stay, the Court (1) directed the Lyons Defendants to respond to Plaintiffs' specific objections by filing a supplemental memorandum and an affidavit of one or more disinterested attorneys addressing the reasonableness of the fees requested, prevailing market rates, the factors to be considered in awarding a reasonable attorney's fee, and testimony as to Mr. Conwell's customary rates charged to other clients in other cases; (2) allowed Plaintiffs to submit counter-affidavit testimony by January 21, 2010; and (3) deferred ruling on Plaintiffs' request for a hearing until receipt of the parties' submissions. (Dkt. 88).

On January 15, 2010, the Lyons Defendants filed a supplemental memorandum (Dkt. 90) and an affidavit of Christopher Torres (Dkt. 92) in further support of the Motion to Assess Appellate Fees. Plaintiffs filed no counter-affidavit.[1]

### *Standard*

Determining a reasonable attorney's fee begins with determining the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar amount is a reasonable fee. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2009) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66

---

[1] In violation of Local Rule 3.01(f), Plaintiffs submitted correspondence to the Court, which the Court ordered returned to Plaintiffs on January 25, 2010. (Dkt. 93).

2

(1986)).

In calculating the lodestar amount, the Court first determines the reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).[2] The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work" and must address rates actually billed and paid in similar lawsuits. *Id.* "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

What an attorney charges his clients is powerful, and perhaps the best, evidence of the prevailing market rate for the attorney's services because "that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984));[3] *cf. Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) ("The agreed-upon billing rate

---

[2] In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court also considers the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2009); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("[A]t least some of the *Johnson* factors have utility in establishing the hourly rate."). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[3] *See also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("The best measure of the cost of an attorney's time is what that attorney could earn from paying clients. For a busy attorney, this is the standard hourly rate. If he were not representing this plaintiff in this case, the lawyer could sell the same time to someone else. That other person's willingness to pay establishes the market's valuation of the attorney's services.").

is a strong indication of a reasonable rate" but "not necessarily determinative"). Finally, the district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The next step in the computation of the lodestar amount is to determine the number of reasonable hours. Fee applicants must exercise billing judgment and exclude from their applications "excessive, redundant, or otherwise unnecessary" hours, *i.e.*, "hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citations and internal quotation marks omitted). If fee applicants fail to exercise billing judgment, courts must do it for them by eliminating amounts sought for excessive, redundant, or otherwise unnecessary hours. *Id.* However, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.

Fee applicants bear the burden of establishing entitlement to an award and of documenting compensable hours. *Id.* at 1303. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. On the other hand, the party opposing the fee application must provide specific and reasonably precise objections and proof concerning hours that should be excluded. *Barnes*, 168 F.3d at 428.

### *Discussion*

The Lyons Defendants' supplemental memorandum contends that the time records to which Plaintiffs apparently object (entries for Kevin McCoy on June 9 and 19, 2009, relating to the tolling

4

of a statute of limitations [the "tolling entries"], and entries for Conwell on October 8 and 10, 2009 and November 11 and 20,[4] 2009 relating to mediation and settlement discussions [the "mediation entries"]) are related to the appeal because: (1) the tolling entries relate to Plaintiffs' counsel's June 4, 2009 letter sent to McCoy during the appeal and before the related case was filed in the interest of settling all claims between the parties and which concerned tolling the limitations period on Plaintiffs' possible Interstate Land Sales Full Disclosure Act claims; and (2) the mediation entries relate to discussions initiated by Plaintiffs' counsel with a view to mediating all claims and issues between the parties, including those on appeal.

Although representing that the services documented in the tolling and mediation entries were rendered partly with a view to the pending appeal, the Lyons' Defendants essentially concede that the services were also connected with issues and claims not before the Eleventh Circuit. Lacking a more adequate means of apportioning the services between the two matters, the Court will reduce the amounts requested for these entries by half or **$454.60**.

Otherwise, having reviewed the time entries, which appear reasonable, and the supporting affidavits, and receiving no specific objection to any other time entries,[5] the Court finds the time spent on the appeal reasonable.

As for the hourly rate requested for Mr. Conwell, in light of the undisputed testimony (i) that his client has paid the bulk of the fees incurred and (ii) more importantly, that Mr. Conwell charges

---

[4] November 23, 2009, according to the supplemental memorandum. However, this is evidently a typographical error, as the only entry for that date is for the services of Kate Lucente.

[5] Plaintiffs assert generally that cases cited in Defendants' appellate brief were the same cases cited before this Court in Defendants' motions to dismiss "and therefore should not have required additional time to brief." (Dkt. 85 at 5). However, Plaintiffs do not specify the alleged redundancies or otherwise show that the hours claimed for briefing, which do not otherwise appear unreasonable, were excessive.

the rate requested (or a higher rate) to all clients and is routinely paid these rates, see *Dillard*, 213 F.3d at 1354-55, the Court finds the requested rate reasonable.

Finally, following a thorough review of the motion and supporting affidavit, Plaintiffs' response, the Lyons' Defendants' supplemental memorandum and affidavit, and in light of Plaintiffs' failure to file counter-affidavit testimony, a hearing on the motion is unnecessary.

Accordingly, it is **ORDERED**:

1) Plaintiffs' request for a hearing (Dkts. 84) is **DENIED**.

2) The Lyons Defendants' Motion to Assess Appellate Fees (Dkt. 83) is **GRANTED** in part as follows.

3) Pursuant to the Eleventh Circuit's mandate, the Lyons Defendants are awarded $17,343.80 in attorney's fees in connection with the appeal, No. 09-11997.

4) The Clerk is direct to enter judgment against Plaintiffs Richard Merritt and Mary Jo Merritt, jointly and severally, and in favor of Defendants Lyons Heritage Pasco, LLC, Lyons Land Pasco, LLC, Bobby Lyons, and Morris Needles in the amount of $17,343.80, for appellate attorney's fees.

**DONE AND ORDERED** in chambers this 22nd day of February, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Plaintiffs